### SAFFOLD *vs.* FOSTER, ADMINISTRATOR, *et al.*

REFUSAL OF INJUNCTION, FROM MORGAN. Judgments. Injunction. Levy and Sale. Advertisement. Practice in Supreme Court. Damages. (Before Judge Hammond.)

Jackson, C. J.—1. Equity cautiously interposes to arrest by the harsh writ of injunction the final process of a court of law.

2. The levy is not excessive. The land is not levied on and advertised for sale in bulk, but in smaller parcels, all of which are fully described. It is so levied, as testified by the sheriff, so as to sell in those parcels.

3. No hurt was done to complainant by not describing the growing crop. The crop has been gathered by him and pocketed. The restraining order effected this result. Besides, when the levy was made, no growing crop was on the land. The advertisement, however, was after it was growing, and it is fairer that such advertisement should have given some notice of it. But as the crop was not sold by the sheriff, but gathered by the defendant himself and appropriated by him, he is not hurt.

(a) The facts of the case save the plaintiff in error from the award of ten per cent. damages for bringing this case to this court for delay only; but hereafter, where an injunction to stay an execution has been refused by the chancellor, and the equity of the bill is not manifest, parties may expect the application of the ruling in 40 Ga., 212, to be strictly applied.

Judgment affirmed.

A. M. Speer; Calvin George; John C. Reed, for plaintiff in error.

F. C. Foster, for defendants.